UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EUGENE CLEMENT CUTHBERT, | Case No. 4:21-cv-00348-BLW |
| | 4:18-cr-00297-BLW |
| Petitioner, | |
| | **MEMORANDUM DECISION** |
| v. | **AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Before the Court is the Government's Motion for Extension of Time to File a Response to Petitioner's Motion Under 28 U.S.C. § 2255 and for an Order Granting a Waiver of Attorney-Client Privilege. (Dkt. 3, Case No. 4:21-cv-00348-BLW.) The Court will grant the motion for extension of time, but, for the reasons discussed below, will give the Petitioner 30 days to respond to the Government's request for waiver of attorney-client privilege.

## BACKGROUND

Petitioner, Eugene Clement Cuthbert, pled guilty to possession with intent to distribute methamphetamine, and was sentenced on December 11, 2019, to 262 months of imprisonment, 5 years of supervised release, and monetary penalties.

Petitioner timely filed an appeal. On September 11, 2020, the Ninth Circuit

dismissed the appeal, finding that Petitioner had waived his right to appeal his

conviction and sentence. (Dkt. 134, Case No. 4:18-cr-00297-BLW-1.)

On August 26, 2021, Petitioner filed a petition under 28 U.S.C. § 2255

seeking to vacate, set aside, or correct his sentence in Case No. 4:18-cr-00297-

BLW. (Dkt. 1, Case No. 4:21-cv-00348-BLW.) In support of his petition, Petition

brings several claims, including a claim that he was denied effective assistance of

counsel. (*Id.*) Specifically, Petitioner claims that his counsel Paul Ziel:

> Abandoned objections to the P.S.R. that were filed, then withdrawn.
> Namely, criminal history category, weight and purity of
> methamphetamine, possession of dangerous weapon, [length] of
> sentence, and fully concurrent sentence. He also failed to appeal the
> findings of the evidentiary hearing and the trial court's adverse ruling
> thereon.
>
> . . . .
>
> Mr. Ziel withdrew many objections to the P.S.R. under duress and
> threats from prosecutor Mr. Nafzger prior to sentencing. The criminal
> history points were calculated incorrectly in the P.S.R. . . .

(Dkt. 1 at 5, 6.)

## ANALYSIS

It is well settled in the Ninth Circuit that "where a habeas petitioner raises a

claim of ineffective assistance of counsel, he waives the attorney-client privilege as

to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*,

331 F.3d 715, 716 (9th Cir. 2003). The scope of this waiver is determined by the particular claims raised in the petition, and a court should grant a waiver no broader than necessary to enable the opposing party to respond to the specific allegations presented in the petition. *Id.* at 720.

This implicit waiver of the attorney-client privilege is not, however, unlimited. A "court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose." *Id.* Thus, "under the fairness principle," the waiver should be closely tailored "to the needs of the opposing party in litigating the claim in question." *Id.*(citations omitted).

The holder of the privilege, here, Petitioner, may, however, "preserve the confidentiality of the privileged communications by choosing to abandon the claim giving rise to the waiver condition." *Id.* at 721.

Here, the ineffective assistance of counsel claims raised by Petitioner are limited to (1) his counsel's performance in relation to sentencing, and specifically his counsel's purported abandonment of objections to the P.S.R.; and (2) counsel's failure to appeal the findings of the evidentiary hearing and the trial court's adverse ruling thereon. Thus, the scope of the waiver of privilege will be limited to these

two areas of inquiry.

As noted above, Petitioner must be given an opportunity to choose between (1) moving forward with his ineffective assistance of counsel claims, understanding that his attorney-client privilege is waived as set forth above, or (2) withdrawing his ineffective assistance of counsel claims in order to preserve his attorney-client privilege. *See Bittaker*, 331 F.3d at 721. Thus, the Court will provide Petitioner 30 days within which to file a notice informing the Court as to whether he would like to proceed or withdraw his ineffective assistance of counsel claims.

## ORDER

**IT IS ORDERED that** the Government's Motion for Extension of Time to File a Response to Petitioner's Motion Under 28 U.S.C. § 2255 and for an Order Granting a Waiver of Attorney-Client Privilege (Dkt. 3, Case No. 4:21-cv-00348-BLW) is granted in part as follows:

1.   The Government is granted a 90-day extension of time to file its response.

2.   Petitioner is directed to file a notice, within 30 days of the date this order is entered, informing the Court as to whether he chooses to withdraw his ineffective assistance of counsel claims in order to preserve his attorney-client privilege.

3.     If Petitioner fails to file such notice within 30 days of the date this

order is entered:

    a.  Petitioner is deemed to have waived his attorney-client privilege as

      to communications related to the ineffective assistance of counsel

      claims raised in his § 2255 petition. This waiver is effective

      without further order of the Court.

    b.  Mr. Paul Ziel shall make himself available to answer material

      questions from the Government and prepare an appropriate

      affidavit within 60 days after entry of this Order.

4.     The Government shall serve a copy of this order on Mr. Paul Ziel.

DATED: October 4, 2021

B. Lynn Winmill
U.S. District Court Judge